DEK/RJK 1543-021

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

PAULINE KOBLICK,                       )
                                       )
    Plaintiff,                     )   FILED: MARCH 19, 2008
                                       )   08CV1624        TC
v.                                     )   JUDGE ANDERSEN
                                       )   MAGISTRATE JUDGE MASON
HOME DEPOT U.S.A., INC.,               )
                                       )
    Defendant.                     )

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES
## DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorney, SWANSON, MARTIN & BELL, LLP, and pursuant to 28 U.S.C.A. 1332, 1441 and 1446, hereby provides notice of its removal of this cause pursuant to said statutes and for the following reasons:

    1     On or about December 31, 2007, there was commenced and is now pending in the Circuit Court of the Cook County, Illinois, a certain civil action under case #07 L 014472, in which Pauline Koblick is the Plaintiff, and Home Depot USA, Inc. is the Defendant.

    2     The aforementioned lawsuit is brought by the Plaintiff seeking damages for personal injuries under claims of premises liability negligence. The Complaint does pray for compensatory damages in excess of $50,000. However, the Plaintiff did not provide with her Complaint served on the Defendant any Illinois Supreme Court Rule 222 disclosure as to whether the damage being sought in the litigation exceeded $50,000.00 or not.

    3     Upon receipt of the Summons and Complaint, the Defendant had insufficient knowledge to form a belief as to whether the amount in controversy in the lawsuit exceeded $75,000.00, exclusive of interests and costs, and therefore could not determine whether the amount in controversy minimum for federal diversity jurisdiction was present in the subject

lawsuit. Further, the Defendant had insufficient knowledge as to whether the Plaintiff was a non-resident of Georgia or Delaware, at the time of the filing of her Complaint on December 31 2007.

4       Accordingly, prior counsel for the Defendant served by facsimile transmission and U.S. mail a Request to Admit to Plaintiff, Pauline Koblick, in order to determine whether diversity jurisdiction was present in the case. Said Request to Admit was served on February 7, 2008. Copies of said Request to Admit to Plaintiff and Notice of Filing are attached hereto as **Exhibit A**.

5       In response to said Request to Admit Facts, the Plaintiff's attorney sent an email to prior counsel for the Defendant on 2/19/08, indicating: "I reckon you want to remove my case to federal court. That's fine...I will not object to the removal, my client is from Illinois and I claim more than $75,000.00 in damages." (See Plaintiff's counsel's 2/19/08 email attached hereto as **Exhibit B**.)

6       Based upon the foregoing, the Defendant and the undersigned counsel have a reasonable belief that the Plaintiff was a resident of Illinois at the time of filing her Complaint, and that the amount in controversy is in excess of $75,000.00, exclusive of interests and costs.

7       The Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and the Defendant affirmatively states further:

      (a)    Per the Plaintiff's counsel's 2/19/08 email, Plaintiff was at the commencement of this action, and is now, a citizen of the State of Illinois, and is a resident of the State of Illinois, and is not a citizen of the State of Delaware or of the State of Georgia;

      (b)    The Defendant, HOME DEPOT USA, INC. is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not

a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

8        This matter involves a controversy between an individual who is a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other than Illinois, and who has its principal place of business in a state other than Illinois, on the other hand. Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

9        This Notice of Removal is timely filed within thirty (30) days of receipt of the Plaintiff's attorney's 2/19/08 email confirming diversity and amount in controversy.

10       Attached hereto as and made a part hereof as **Group Exhibit C** are copies of the following documents filed by the Plaintiff and the Defendant in the Circuit Court of the Cook County, Illinois under case #07 L 014472:

- The Plaintiffs Complaint at Law;

- Defendant's Receipt of Summons and Complaint;

- Appearance and Jury Demand issued by prior counsel;

- Defendant's Answer and Affirmative Defense;

- Defendants' Notice of Filing Re: Appearance and Jury Demand, Answer and Affirmative Defenses, Interrogatories, Rule 214 Request, Rule 237 Demand, and Request to Admit Facts;

- Defendant's Interrogatories, Rule 214 Request, Rule 237 Demand, and Request to Admit Facts, all directed to the Plaintiff;

- Defendant's Motion for Substitution of Attorneys;

- Order Granting Substitution of Attorneys;

- Defendant's Notice of Filing Re: Notice of Removal.

To the Defendant's knowledge, no other documents, nor pleadings were filed in said lawsuit.

8        Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto. A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, Illinois — Law Division, as provided by law.

9        With its appearance filed in the Circuit Court of Cook County, Illinois – Law Division, the Defendant demanded and paid the additional fee for a jury demand. The Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of the within action from the Circuit Court of the Cook County, Illinois – Law Division, to the United States District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted,


By:    /s/Richard J. Keating, Jr.
       Richard J. Keating, Jr.

David E. Kawala
Richard J. Keating, Jr. (ARDC #6229550)
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue
Suite 3300
Chicago, IL 60611
(312) 321-9100

3603 JPS/BSP HD391                                                    Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| PAULINE KOBLICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:  07 L 14472 |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

**To:**   George T. Brugess
          Hoey and Farmina, P.C.
          542 S. Dearborn, Suite 200
          Chicago, IL  60605

PLEASE TAKE NOTICE that on **February7, 2008,** we filed with the Clerk of the Circuit Court of Cook County, Defendant's *Appearance and Jury Demand, Answer and Affirmative Defenses, Interrogatories to Plaintiff, Request to Produce to Plaintiff, Demand for Production Pursuant to Supreme Court Rule 237 & 213(e) Directed to Plaintiff,* and *Request to Admit to Plaintiff,* copies of which are attached hereto.

                    By:   _____
                          Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\JPS\3269\Pleadings\NOF013.doc

### CERTIFICATE OF SERVICE

I, Laura K. Cruciani, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I faxed and mailed copies of the foregoing documents to each party to whom it is directed on **February 7, 2008.**

                    _____
                    Laura K. Cruciani



3603 JPS/BSP HD391

Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

PAULINE KOBLICK,                        )
                                        )
        Plaintiff,              )
                                        )
v.                                      )          Case No:  07 L 14472
                                        )
HOME DEPOT U.S.A., INC.,                )
                                        )
        Defendant.              )

### REQUEST TO ADMIT TO PLAINTIFF

NOW COME the Defendants, HOME DEPOT, USA, INC., a foreign Corporation, by

their attorneys, PURCELL & WARDROPE CHTD., and hereby requests the plaintiff, PAULINE

KOBLICK, pursuant to Illinois Supreme Court Rule 216, to admit or deny the following within

28 days hereof:

    1.    At the time of filing her Complaint on December 31, 2007, the plaintiff, PAULINE KOBLICK, was a resident of the State of Illinois.

    2.    At the time of filing her Complaint on December 31, 2007, the plaintiff, PAULINE KOBLICK, was not a resident of the State of Delaware, the State of Maryland, or the State of Georgia.

    3.    The amount in controversy in this cause, including any and all claims of future damages, is **_NOT_** in excess of $75,000, exclusive of an interest and/or costs.

Respectfully submitted,

By:      *[signature]*
               Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3405 - Falls\Discovery\Req2Admit2Pltff 2-7-08.doc

**Jonathan Schaefer**                                          3603 (P)

**From:**   George Brugess [gbrugess@hoeyfarina.com]
**Sent:**   Tuesday, February 19, 2008 6:48 PM
**To:**     Jonathan Schaefer
**Subject:** Koblick v Home Depot

I reckon you want to remove my case to federal court.  That's fine, but be careful what you wish for, federal court can be rather erratic.  I will not object to the removal, my client is from Illinois and I claim more that 75K in damages.

I am looking forward to working with you on this case.  I have a box of medical records -if you want a copy, just let me know.


George T. Brugess
Hoey and Farina, P.C.
542 S. Dearborn, Suite 200
Chicago, IL  60605
312/939-1212
gbrugess@hoeyfarina.com

```
┌─────────────────┐
│    EXHIBIT      │
│      B          │
└─────────────────┘
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PAULINE KOBLICK,                  )
                                  )
        Plaintiff.                )
                                  )
v.                                )
                                  )
HOME DEPOT U.S.A., INC.,          )
                                  )
        Defendant.                )

**FILED-11**
2007 DEC 31 PM 1:42
COOK COUNTY, BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

2007L014172
CALENDAR/ROOM H
TIME 00:00
Premises Liability

## COMPLAINT

NOW COMES the Plaintiff, PAULINE KOBLICK, by and through her attorneys, HOEY

AND FARINA, P.C. and GEORGE T. BRUGESS, and for her Complaint against the

Defendants, HOME DEPOT U.S.A., INC., states as follows:

    1.    The defendant, HOME DEPOT U.S.A., INC., is a foreign corporation doing

business in the County of Cook, State of Illinois.

    2.    On or about April 27, 2006 the defendant owned and operated a warehouse in

Bolingbrook, Illinois and was in charge of the work of the subcontractors at the warehouse

including coordinating workplace safety.

    3.    On April 27, 2006 the Plaintiff, PAULINE KOBLICK, was an employee of a

subcontractor working at the warehouse owned and operated by defendant, HOME DEPOT

U.S.A., INC.

    4.    On and prior to April 27, 2006 the defendant owned, maintained and operated

certain forklifts in its warehouse operation.

    5.    On and prior to April 27, 2006 the defendant authorized certain servants,

employees, joint- employees and agents to operate forklifts in its warehouse operation.

**EXHIBIT**
**C**
tabbies

6.    On April 27, 2006 a forklift operated at the direction and under the control of the defendant struck plaintiff at the warehouse.

7.    At all times herein it was the continuing duty of the defendant to exercise ordinary care for the safety of the Plaintiff.

8.    The Defendant breached its duty to the Plaintiff by one or more of the following negligent acts or omissions:

     a.    Negligently and carelessly failed to properly maintain its forklifts;

     b.    Negligently and carelessly failed to provide safe forklifts for its employees to operate;

     c.    Negligently and carelessly failed to inspect the forklifts for defects;

     d.    Negligently and carelessly failed to instruct, train and supervise the forklift driver;

     e.    Violated OSHA Standards 29 CFR §1910.178;

     f.    Violated OSHA Standards 29 CFR § 1910;

     g.    Failed to operate the forklift in a safe manner;

     h.    Failed to keep a proper lookout while operating a forklift;

     i.    Failed to slow or stop the forklift to avoid a collision;

     j.    Failed to enact and enforce safety rules regarding the operation of its forklifts;

     k.    Failed to mark the aisles of the warehouse to designate driving and parking areas;

     l.    Was otherwise careless and negligent.

9.    As a direct and proximate result of the negligence of the defendant, the Plaintiff received serious and permanent injuries to her head, body and limbs. As a result thereof, the Plaintiff has been caused to experience severe pain and suffering, disability and disfigurement.

2

Further, the Plaintiff has lost large sums in wages and benefits and will continue to lose wages and benefits in the future. The Plaintiff has also become liable for large sums in medical and hospital bills and expenses, and will continue to be so liable for the future cost of medical care.

WHEREFORE, the Plaintiff, PAULINE KOBLICK, prays for judgment against the Defendant, HOME DEPOT U.S.A., INC., in a sum in excess of the jurisdictional limit of $50,000.00 together with the costs of this action.

Respectfully submitted,
HOEY AND FARINA, P.C.


By: _____
George T. Brugess

HOEY AND FARINA, P.C.
542 S. Dearborn, Suite 200
Chicago, IL 60605
312/939-1212
Attorney No. 70006

3



**CSC.**

C O R P O R A T I O N   S E R V I C E   C O M P A N Y˙

# Notice of Service of Process

**JUT / ALL**
Transmittal Number: 5531666
Date Processed: 01/10/2008

| | |
|---|---|
| **Primary Contact:** | Nancy Bunker<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Copy of transmittal only provided to:** | Quinessa Malcolm |

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number  2483807 |
| **Entity Served:** | Home Depot U.S.A., Inc |
| **Title of Action:** | Pauline Koblick vs. Home Depot U.S.A., Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court:** | Cook  Circuit  Court, Illinois |
| **Case Number:** | 2007L014472 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 01/10/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | George T. Brugess<br>312-939-1212 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

3603 JPS/BSP HD391

Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

PAULINE KOBLICK,            )
                                 )
         Plaintiff,               )
                                 )
v.                                   )     Case No:  07 L 14472
                                 )
HOME DEPOT U.S.A., INC.,      )
                                 )
         Defendant.          )

## APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance and jury demand of the Defendant:

### HOME DEPOT U.S.A., INC.

JONATHAN P. SCHAEFER

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

Attorney for Defendant

3603 JPS/BSP HD391

Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| PAULINE KOBLICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:  07 L 14472 |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, Home Depot USA, Inc., by its attorneys, Purcell & Wardrope, Chtd., and hereby responds to the Plaintiff's Complaint as follows:

1.      The Defendant admits the allegations contained in paragraph 1.

2.      The Defendant denies the allegations contained in paragraph 2.

3.      The Defendant admits that the Plaintiff was an employee of TNT Logistics, Inc., on the date in question, but the Defendant denies any remaining allegations contained in Paragraph 3.

4.      The Defendant admits that it owned certain forklifts on the date in question, but denies the remaining allegations contained in paragraph 4.

5.      The Defendant denies the allegations contained in paragraph 5.

6.      The Defendant denies the allegations contained in paragraph 6.

7.      The Defendant denies the allegations contained in paragraph 7, and admits to only those duties implied by law.

8.      The Defendant denies the allegations contained in paragraph 8, and specifically denies the allegations contained in sub-paragraphs a-l thereunder.

9.      The Defendant denies the allegations contained in paragraph 9.

WHEREFORE, the Defendant, Home Depot USA, Inc., prays that judgment be entered in its favor and against the Plaintiff under the Complaint, and that it be awarded reasonable costs, fees and expenses.

## AFFIRMATIVE DEFENSE

NOW COMES the Defendant, Home Depot USA, Inc., and further response to Plaintiff's Complaint, hereby pleads the following as its First Affirmative Defense.

1.      At the time and place alleged, Plaintiff ordered duty to herself and to others to act in a reasonably and safe manner.

2.      At the time and place alleged, the Plaintiff breached said duty, and proximately caused or contributed to her accident, injuries and damages, by committing one or more of the following careless and/or negligent acts and/or omissions:

     a.      Failed to keep a safe and proper lookout as to the conditions and operations surrounding her;

     b.      Improperly positioned herself in an area where she knew, or reasonably should have known, that forklift operations were performed;

     c.      Improperly placed equipment in an area where she knew, or reasonably should have known, that forklift operations were performed;

     d.      Improperly trained her co-workers in regard to inspecting, maintaining and/or operating forklifts; and

     e.      Was otherwise careless and negligent and causing or contributing to her accident, injuries and damages.

2

WHEREFORE, the Defendant, Home Depot USA, Inc., prays that, if judgment is entered in favor of the Plaintiff and against the Defendant under the Plaintiff's Complaint, said judgment be reduced by that percentage to which the Plaintiff's own comparative fault caused or contributed to the Plaintiff's accident, injuries and/or damages, and that judgment be entered in favor of the Defendant and against the Plaintiff if it is deemed that the Plaintiff's own comparative fault exceeded 50% of the total fault attributable to the subject occurrence.

Respectfully submitted,

Jonathan P. Schaefer

Purcell & Wardrope, Chtd.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603-1013
(312) 427-3900
F:\JPS\3603 - Koblick\Pleadings\Ans&AffDefenses 2-7-08.doc

3

3603 JPS/BSP HD391                                              Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

PAULINE KOBLICK,                    )
                                    )
     Plaintiff,                   )
                                    )
v.                                  )        Case No:  07 L 14472
                                    )
HOME DEPOT U.S.A., INC.,            )
                                    )
     Defendant.                   )

### NOTICE OF FILING

**To:**   George T. Brugess
      Hoey and Farmina, P.C.
      542 S. Dearborn, Suite 200
      Chicago, IL  60605

     PLEASE TAKE NOTICE that on **February 7, 2008**, we filed with the Clerk of the Circuit Court of Cook County, Defendant's *Appearance and Jury Demand, Answer and Affirmative Defenses, Interrogatories to Plaintiff, Request to Produce to Plaintiff, Demand for Production Pursuant to Supreme Court Rule 237 & 213(e) Directed to Plaintiff,* and *Request to Admit to Plaintiff,* copies of which are attached hereto.

                  By: _____
                         Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\JPS\3269\Pleadings\NOF013.doc

### CERTIFICATE OF SERVICE

     I, Laura K. Cruciani, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I faxed and mailed copies of the foregoing documents to each party to whom it is directed on **February 7, 2008**.

                  _____
                  Laura K. Cruciani

3603 JPS/BSP HD391

Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

PAULINE KOBLICK,                        )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Case No:  07 L 14472
                                        )
HOME DEPOT U.S.A., INC.,                )
                                        )
        Defendant.                      )

### INTERROGATORIES TO PLAINTIFF

NOW COME the Defendants, HOME DEPOT, USA, INC., a foreign Corporation, and

by its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following

Interrogatories pursuant to Illinois Supreme Court Rule 213 to be answered by the Plaintiff,

Pauline Koblick, within twenty-eight (28) days upon receipt hereof:

1.      State your full name, age, date of birth, address and social security number.

**ANSWER:**

2.      State the full names and addresses of each person who witnessed or claims to
have witnessed the occurrence alleged in your complaint.

**ANSWER:**

3.      State the full name and address of each person not named (in 2) above who was
present or claims to have been present at the scene immediately before, at the time of, or
immediately after said occurrence.

**ANSWER:**

4.      Describe in general the personal injuries sustained by you as a result of said
occurrence.

**ANSWER:**

5.      With regard to said injuries, state:

        a.      The name and address of each attending physician;
        b.      The name and address of each consulting physician;

1

c.    The name and address of each person or laboratory taking an x-ray of you;
d.    The date or inclusive dates on which each of them rendered you service;
e.    The amounts to date of their respective bills for service; and,
f.    From which of them do you have written reports?

**ANSWER:**

6.    As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the inclusive date of said service.

**ANSWER:**

7.    Please state the name and address of your *last* employer(s) at the time of the subject accident, and at the present. If you were unable to work as a result of said personal injuries allegedly sustained in the subject accident, please state the date or inclusive dates on which you were unable to work, the amount of wage or income loss claimed by you, and the name and address of the each employer from home you lost time and wages.

**ANSWER:**

8.    Has any person, insurance company, or any other entity paid any bills or expenses as a result of this incident? If so, identify who paid said bills or expenses, state the amount paid by each such entity, and identify the bills and expenses paid.

**ANSWER:**

9.    Please state the total amount of damages being sought by the Plaintiff in this lawsuit, including specifically the nature of each element of her damages, and the amount of damages being claimed for each such element.

**ANSWER:**

10.    For each witness who will offer any opinion testimony at trial, please state the following:

a.    The name and address of the witness;
b.    The subject matter on which the opinion witness is expected to testify;
c.    The conclusions and opinions of the opinion witness and the bases thereof; and
d.    The qualifications of the opinion witness.

And provide all reports of the opinion witness.

**ANSWER:**

11.    During the five years immediately prior to the date of said occurrence, had you been confined to a hospital, treated by a physician, or x-rayed for *any reason other than personal injury?* If so, give the name and address of each such facility or professional, the approximate date of such confinement or service, and *state the reason for such confinement or service.*

**ANSWER:**

12.    Prior to the date of said occurrence, had you suffered any personal injury requiring medical treatment? If so, state when, where and in general how you were injured, describe the injuries suffered, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

13.    Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence? If so, for (a), state when, where and in general how you were injured, describe in general the injuries suffered, and provide the name and address of all medical facilities and professionals who provided you treatment; and for (b) state when you were ill, describe in general the illness, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

14.    Have you ever filed any other lawsuit or worker's compensation claim for your own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

15.    Were any photographs taken of the scene of the occurrence, of the forklift or other equipment, or of the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**

16.    Do you have statements or reports from any witness other than yourself? If so, give the name and address of each such witness, the date of said statement or report, and state whether such statement or report was written or oral.

**ANSWER:**

17.    Please state the name and address of every witness who will testify at trial, together with the subject of their testimony.

**ANSWER:**

18.    List the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

3

**ANSWER:**

19.     Do you have any continuing complaints or disabilities of any kind resulting from the accident? If so, please state:

      a.     The nature and frequency of said complaint or disability; and,

      b.     What medical treatment you are receiving and/or what medication are you taking for this complaint or disability.

**ANSWER:**

20.     Please state the time of day when the subject incident occurred, and describe completely the lighting conditions at the time and place of the occurrence, indicating the amount of natural light and the amount of artificial lighting.

**ANSWER:**

21.     In regard to the "forklift" referenced in your Complaint, please state the following:

      a.     The name, address and employer of the person operating said forklift;

      b.     The name, address and employer of the direct supervisor or person directly in charge of the operator identified in the response to sub-paragraph "a" above;

      c.     The name, address and employer of the person responsible for training the operator identified in response to sub-paragraph "a" above;

      d.     A description of the defective or dangerous condition of said forklift which the Plaintiff claimed caused or contributed to her accident; and

      e.     A detailed description of the where said forklift was on the premises at the moment of the subject occurrence (in feet, inches, or other measurement to any identifiable fixtures, zones or other designated area of the premises).

**ANSWER:**

Respectfully submitted,

By:     _____

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3603 - Koblick\Discovery\Rogs2Pltff 2-7-08.doc

4

3603 JPS/BSP HD391                                                    Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

PAULINE KOBLICK,                      )
                                      )
      Plaintiff,                    )
                                      )
v.                                    )     Case No:  07 L 14472
                                      )
HOME DEPOT U.S.A., INC.,              )
                                      )
      Defendant.                    )

### REQUEST TO PRODUCE TO PLAINTIFF

NOW COME the Defendants, HOME DEPOT, USA, INC., a foreign Corporation, through its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following Request for Production of Documents, pursuant to Illinois Supreme Court Rule 214, to be answered by the Plaintiff, Pauline Koblick, within twenty-eight (28) days from the date of service at the office of the defendant for inspection and copying.

1.     Any and all photographs of the alleged scene of the occurrence and/or of the forklifts or other equipment involved, whether made prior to or after the plaintiff's accident.

2.     Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions of the forklift, equipment and/or the subject premises received from any witnesses.

3.     List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

4.     Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

5.     A copy of any and all notes, memos, letters, written communications or other documents prepared by you or on your behalf, and directed to this defendant relative to said accident or claim.

1

6.     A copy of any and all written notes, memos, letters or other documents reflecting any communications received by you or your representatives from this defendant or its employees.

7.     All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the subject accident.

8.     Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the subject accident.

9.     Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the subject accident.

10.     Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

11.     Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

12.     Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

13.     Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

14.     Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

15.     Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

16.     Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

17.     Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, *concerning any and all prior or subsequent claims*, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

18.     All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

19.     Any report of any inspection of the premises or of the forklifts and/or equipment involved in the accident, or any report of any inspection/observation of the operation of the facility in question.

20.     Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

21.     Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

The term "accident" or "occurrence" as used in this request for production refers to the accident or occurrence outlined in the plaintiff's complaint.

The plaintiff is requested to make such production at the offices of Purcell & Wardrope, Chtd., 10 South LaSalle Street, Suite 1200, Chicago, Illinois.

Respectfully submitted,

By:  _____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3603 - Koblick\Discovery\Req2Prod214 2-7-08.doc

3603 JPS/BSP HD391                                          Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

PAULINE KOBLICK,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Case No:  07 L 14472
                                    )
HOME DEPOT U.S.A., INC.,            )
                                    )
        Defendant.                  )

### DEMAND FOR PRODUCTION PURSUANT TO
### SUPREME COURT RULE 237 & 213(e) DIRECTED TO PLAINTIFF

NOW COME the Defendants, HOME DEPOT, USA, INC., a foreign Corporation, by

and through its attorneys, PURCELL & WARDROPE, CHTD., and requests that the Plaintiff,

Pauline Koblick, produce at the time of arbitration and trial in the above case, and such

production to continue throughout the entire course of this lawsuit for arbitration and trial,

pursuant to 237 & 213(e), of the Rules of the Supreme Court of the State of Illinois, the

following persons and documents:

1.      It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you
produce immediately upon commencement of the arbitration and upon assignment of this matter
for trial (unless otherwise herein indicated), and prior to the selection of the jury, the identity and
last known address of all persons and organizations in addition to those previously disclosed,
having knowledge of the facts relevant to this lawsuit.

2.      It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
PAULINE KOBLICK at the time of arbitration and trial for examination under 2-1102 of the
Illinois Code of Civil Procedure.

3.      It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
immediately upon commencement of the arbitration and upon assignment of this matter for trial
(unless otherwise herein indicated), and prior to the selection of a jury, the following original
documents or tangible things or copies of same if originals are not available:
        a.      Any and all photographs of the alleged scene of the occurrence and/or of
                the forklifts or other equipment involved, whether made prior to or after
                the plaintiff's accident.

b.  Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions of the forklift, equipment and/or the subject premises received from any witnesses.

c.  List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

d.  Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

e.  A copy of any and all notes, memos, letters, written communications or other documents prepared by you or on your behalf and directed to this defendant relative to said accident or claim.

f.  A copy of any and all written notes, memos, letters or other documents reflecting any communications received by you or your representatives from this defendant or its employees.

g.  All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the subject accident.

h.  Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the subject accident.

i.  Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the subject accident.

j.  Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

k.  Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

l.  Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

m.  Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

n.  Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

o.  Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

p.  Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

2

q.  Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, *concerning any and all prior or subsequent claims*, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

r.  All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

s.  Any reports of any inspection of the improvements of the forklifts and/or equipment involved in the accident, or any report of any inspection/observation of the operation of the facility in question.

t.  Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

u.  Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

Respectfully submitted,

By:  *[signature]*

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\UPS\3603 - Koblick\Discovery\Req2Prod237 2-7-08.doc

3

3603 JPS/BSP HD391                                          Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| PAULINE KOBLICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No: 07 L 14472 |
| | ) |
| HOME DEPOT U.S.A., INC., | ) |
| | ) |
| Defendant. | ) |

### REQUEST TO ADMIT TO PLAINTIFF

NOW COME the Defendants, HOME DEPOT, USA, INC., a foreign Corporation, by their attorneys, PURCELL & WARDROPE CHTD., and hereby requests the plaintiff, PAULINE KOBLICK, pursuant to Illinois Supreme Court Rule 216, to admit or deny the following within 28 days hereof:

1.    At the time of filing her Complaint on December 31, 2007, the plaintiff, PAULINE KOBLICK, was a resident of the State of Illinois.

2.    At the time of filing her Complaint on December 31, 2007, the plaintiff, PAULINE KOBLICK, was not a resident of the State of Delaware, the State of Maryland, or the State of Georgia.

3.    The amount in controversy in this cause, including any and all claims of future damages, is *NOT* in excess of $75,000, exclusive of an interest and/or costs.

Respectfully submitted,

By:    _____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3405 - Falls\Discovery\Req2Admit2Pltff 2-7-08.doc

DEK/RJK/1543-021                                                    Firm I.D. 29558

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PAULINE KOBLICK,                        )
                                        )
                    Plaintiff,          )
                                        )
        vs.                             )        No. 07 L 14472 "H"
                                        )
HOME DEPOT U.S.A., INC.,                )
                                        )
                    Defendant.          )

## ROUTINE MOTION FOR SUBSTITUTION OF ATTORNEYS

SWANSON, MARTIN & BELL, LLP moves this Honorable Court for entry of an order

granting it leave to file a Substitution of Attorneys, entering its appearance as attorneys of record for

Defendant, HOME DEPOT, INC., and withdrawing Purcell & Wadrope Chtd. as attorneys for said

Defendant.  This motion is based on the Substitution of Attorneys filed and served herewith.

Respectfully submitted,

SWANSON, MARTIN & BELL, LLP

By:_____
        One of the Attorneys for Defendant,
        HOME DEPOT, U.S.A., INC.

David E. Kawala
Richard J. Keating, Jr.
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL  60611
(312) 321-9100

532825

DEK/RJK/1543-021                                                    Firm I.D. 29558

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PAULINE KOBLICK,                              )
                                              )
                        Plaintiff,            )
                                              )
        vs.                                   )        No. 07 L 14472 "H"
                                              )
HOME DEPOT U.S.A, INC.,                       )
                                              )
                        Defendant.            )

## ROUTINE ORDER

        This matter coming to be heard on the motion of the law firm of SWANSON, MARTIN
& BELL, LLP for leave to appear as counsel for Defendant, HOME DEPOT U.S.A., INC., and
substitute in as counsel in lieu of the law firm of Purcell & Wadrope, Chtd., due notice having
been given, and the court being fully advised in the premises,

        IT IS HEREBY ORDERED THAT:

1.        SWANSON, MARTIN & BELL, LLP is granted leave to file its Substitution of
          Attorneys for Defendant, HOME DEPOT U.S.A., INC., in lieu of Purcell &
          Wadrope, Chtd., who withdraws its appearance.

          *Status 4/1/08 Stands -*

                                                                           MAR 1 4 2008

                                    _____, 2008
                                    **ENTER**


                                    _____
                                    Judge                    Judge's No.

David E. Kawala
Richard J. Keating, Jr.
SWANSON, MARTIN & BELL, LLP
Attorneys for Defendant, HOME DEPOT U.S.A., INC.
330 North Wabash Avenue, Suite 3300
Chicago, IL  60611
(312) 321-9100

532642

DEK/RJK/1543-021                                          Firm I.D. 29558

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PAULINE KOBLICK,                    )
                                    )
                Plaintiff,          )
                                    )
        vs.                         )        No. 07 L 14472 "H"
                                    )
HOME DEPOT U.S.A, INC.,             )
                                    )
                Defendant.          )

### NOTICE OF FILING

TO:    George T. Brugess
       Hoey and Farina
       542 South Dearborn, Suite 200
       Chicago, IL  60605

        PLEASE TAKE NOTICE that on March 19, 2008, we filed with the Clerk of the Circuit
Court of Cook County, Illinois Defendant's Notice of Removal of Cause to the United States
District Court for the Northern District of Illinois, a copy of which is attached hereto and hereby
served upon you.

                        By: _____
                            One of the attorneys for Defendant,
                            HOME DEPOT U.S.A., INC.

David E. Kawala
Richard J. Keating, Jr.
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100

### PROOF OF SERVICE

        I, the undersigned non-attorney, on oath, state that I served a copy of this notice and above-listed motions by mailing a
copy to all counsel of record at their respective addresses by depositing same in the U. S. Mail at 330 North Wabash Avenue,
Chicago, IL-60611 with first-class postage prepaid at or before 5:00 p.m. on March 19, 2008.

                        _____
                                Juanita Austin

[x]    Under penalties as provided by law pursuant to
       735 ILCS 5/1-109 I certify that the statements
       set forth herein are true and correct.

536341